KENNADAY LEAVITT OWENSBY PC
KELLI M. KENNADAY (SBN 155153)
kkennaday@kennadayleavitt.com
ALLISON M. NYE (SBN 298872)
anye@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California  95814
Telephone:      (916) 732-3060

Attorneys for Defendant
REGENTS OF THE UNIVERSITY OF
CALIFORNIA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. RUMLEY, SALESHNI SINGH, <br><br> Plaintiffs, <br><br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA; ALLEN TOLLESFSON; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 42 U.S.C. § 1983 (CIVIL RIGHTS ACT)** <br><br> Complaint Filed:  March 7, 2019 <br> Trial Date:        None set. <br><br> ***FEES EXEMPT PURSUANT TO GOV. CODE § 6103*** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA hereby removes to this Court the state court action described below.

1.      On March 7, 2019, an action was commenced in the Superior Court of the State of California, in and for the County of Alameda, entitled *William J. Rumley, et al. v. Regents of the University of California, et al.*, Case No. RG19010126. (A true and correct copy of the Summons, Complaint and all documents served therewith is attached as <u>Exhibit A</u>.)

2.      The first date upon which Defendant received a copy of the Complaint was June 18, 2019, when Defendant was personally served with the Summons and Complaint from the state court action. (Zulkowski Decl., ¶ 2.)

3.      This action is a civil matter of which this Court has original jurisdiction under 28

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

00157796.1

-1-

NOTICE OF REMOVAL OF ACTION UNDER 42 U.S.C. § 1983 (CIVIL RIGHTS ACT)

U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 42 U.S.C. § 1983, in that this is a civil action involving a federal question; namely, violations of the Civil Rights Act (42 U.S.C. § 1983). (Ex. A, Complaint, ¶¶ 34-40.) Thus, federal question jurisdiction exists in this case.

4.     On July 16, 2019, Defendant filed an Answer with the Alameda County Superior Court in order to preserve all legal rights.  A true and correct copy of the Answer is attached as <u>Exhibit B</u>.

5.     No other Defendant has yet been served with Summons and Complaint. (Zulkowski Decl., ¶ 3.)

DATED: July 12, 2019                          KENNADAY LEAVITT OWENSBY PC


By: ___/s/ *Kelli M. Kennaday*_____
KELLI M. KENNADAY
Attorneys for Defendant
REGENTS OF THE UNIVERSITY OF
CALIFORNIA

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

00157796.1                                -2-
NOTICE OF REMOVAL OF ACTION UNDER 42 U.S.C. § 1983 (CIVIL RIGHTS ACT)

# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David Poore Turner, Esq. SBN 192541<br>Brown \| Poore, LLP<br>1350 Treat Blvd., Suite 420<br>Walnut Creek, CA 94597<br>TELEPHONE NO.: (925) 943-1166   FAX NO.: (925) 955-8600<br>ATTORNEY FOR (Name): Plaintiffs William J. Rumley, Saleshni Singh | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>March 07, 2019<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Cheryl Clark, Deputy<br><br>CASE NUMBER: |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Hall of Justice

CASE NAME: WILLIAM J. RUMLEY v.REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: RG19010126 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2019

David Poore Turner
(TYPE OR PRINT NAME)      ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** REGENTS OF THE UNIVERSITY OF
**(AVISO AL DEMANDADO):** CALIFORNIA; ALLEN TOLLESFSON;
and DOES 1 through 10, inclusive,

**FILED BY FAX**
ALAMEDA COUNTY

March 07, 2019

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

WILLIAM J. RUMLEY, SALESHINI SINGH

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) Alameda County Superior Court<br>1225 Fallon Street, Oakland, CA 94612 | (Número del Caso:)<br>RG19010126 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):

David Poore Turner, Esq. Brown | Poore LLP 1350 Treat Blvd., Suite 420, Walnut Creek, CA 94597 (925) 943-1166

| DATE:<br>(Fecha) March 07, 2019 | Clerk, by<br>(Secretario) *Cheryl Clark* | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form P
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒☒ on behalf of (specify): Regents of the University of California

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒☒ other (specify): CCP 416.50 (Public Entity)
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Accepted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  David Poore Turner, SBN 192541
   BROWN | POORE LLP
2  1350 Treat Blvd., Suite 420
   Walnut Creek, California 94597
3  Telephone:    (925) 943-1166
   Facsimile:    (925) 955-8600
4  dpoore@bplegalgroup.com

5  Attorneys for Plaintiffs
   WILLIAM J. RUMLEY
6  SALESHNI SINGH

**FILED BY FAX**
ALAMEDA COUNTY

March 07, 2019

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

CASE NUMBER:
**RG19010126**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM J. RUMLEY, SALESHNI SINGH, <br><br> Plaintiffs, <br><br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA; ALLEN TOLLEFSON; and DOES 1 through 10, inclusive, <br><br> Defendants. | **Case No.** <br><br> **COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF** <br><br> VIOLATIONS OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983; VIOLATIONS OF THE CALIFORNIA CONSTITUTION; VIOLATIONS OF CALIFORNIA LABOR CODE SECTION 1102.5; VIOLATIONS OF CALIFORNIA LABOR CODE § 6310; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs WILLIAM J. RUMLEY and SALESHNI SINGH complain and allege as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff WILLIAM J. RUMLEY ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

-1-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

2.     Plaintiff SALESHNI SINGH ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California

3.     Plaintiffs are informed and believe and thereby allege that Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA (hereinafter "Regents" or "Defendant"), is and at all relevant times hereto, was a public entity that operated in the State of California, County of Alameda.  Plaintiffs are informed and believe that Defendant Regents has it's principal place of business in the State of California, County of Alameda.

4.     Defendant Regents, including its departments, units, and/or political subdivisions, is and at all relevant times hereto, was an employer operating as a public entity within the State of California, who regularly employed more than 75 employees.

5.     Defendant Regents is a state agency located within the State of California and doing business as a government entity under color of state authority and law.

6.     Defendant ALLEN TOLLESFSON ("Tollesfson" or "Defendant") is an individual whose residence is located in the State of California.  Defendant Tollesfson was a supervisor and/or managerial employee of the Regents.  For purposes of the cause of action under the Civil Rights Act, Defendant Tollesfson is being sued in his official and/or individual capacity acting under color of law.

7.     This Court has jurisdiction and venue over this action in that Defendant Regents employed Plaintiff within the State of California, and Defendant Regents principal place of business is located in the County of Alameda, State of California.

8.     Plaintiffs are unaware of the true identity, nature and capacity of each of the defendants designated herein as a DOE, whether individual, corporate, associate or otherwise,

-2-

1   who therefore sues such defendants by fictitious names pursuant to California Code of Civil

2   Procedure §474.   Plaintiffs are informed and believe and thereby allege that each of the

3   defendants designated herein as a DOE is in some manner responsible for the damages and

4   injuries as are alleged in this Complaint.   Upon learning the true identity, nature and capacity of

5   the DOE defendants, plaintiffs will amend this Complaint to allege their true names and

6   capacities.

7

8        9.        Unless otherwise indicated as acting in individual capacity, Plaintiffs are informed

9   and believe, and thereby allege that each of the defendants herein were at all times relevant

10  hereto, the agents, representatives, servants and employees of the remaining defendants, and were

11  acting at least in part within the course and scope of such relationship, and that the wrongful acts

12  alleged herein were committed by such defendants, and each of them.

13

14                              **FACTUAL BACKGROUND**

15

16       10.      Plaintiff Rumley is a former employee of the Regents, who was employed by

17  Defendant Regents for more than 15 years.   Plaintiff was qualified to work in his position, and,

18  throughout his employment with the Regents, Plaintiff diligently and competently performed his

19  duties.   Plaintiff received consistent praise regarding his abilities and skill level, was provided

20  with several promotions over the years, including a promotion to a director level position at U.C.

21  Davis.   At all relevant times, Plaintiff possessed the requisite skills in his position and was

22  capable of performing the essential functions of his job.

23

24       11.      Plaintiff Singh is a former employee of the Regents, who was employed by

25  Defendant Regents for more than 14 years.   Plaintiff was qualified to work in her position, and,

26  throughout her employment with the Regents, Plaintiff diligently and competently performed her

27  duties.   Plaintiff received consistent praise regarding her abilities and skill level, was provided

28  with several promotions over the years, including a promotion to a supervisory level position at

U.C. Davis.  At all relevant times, Plaintiff possessed the requisite skills in her position and was capable of performing the essential functions of her job.  Plaintiff Singh reported to Defendant Rumley, who, in turn, reported to Defendant Tollesfson.

12.    In approximately 2016, Plaintiff Singh was the custodial manager for the U.C. Davis campus, and she reported to Plaintiff Rumley, who, in turn, reported to Defendant Tollesfson.  Plaintiff Singh managed a custodial staff of employees, which included Regents employee, Om Sharma.

13.    Mr. Sharma was a permanent employee of the Regents on the U.C. Davis campus, and he was also a well-known spiritual leader in the Indian faith-based community.  Mr. Sharma had performed prayers for over 100 parishioners, including celebrations of significant Hindu holidays, and Mr. Sharma was a spiritual leader for Plaintiff Singh and her family, which included visits to Plaintiff Singh's home to perform prayers for Plaintiff and her family.  Mr. Sharma had significant influence over Plaintiff and her family, as a strong spiritual leader.

14.    During this period of time, Mr. Sharma's relationship with Plaintiff Singh became physically and mentally abusive, including abuse in the workplace.  Mr. Sharma physically assaulted Plaintiff Singh, which caused bruising and hospitalization.  Mr. Sharma also recklessly and maliciously pulled the parking brake on Plaintiff's vehicle while they were driving together, causing the vehicle to crash into a ditch.  Plaintiff Singh became so fearful of Mr. Sharma that she suggested that his work schedule be modified.

15.    Additionally, during this same period of time, Plaintiff Rumley, as Plaintiff Singh's director in the workplace, observed several unexplained bruises on Plaintiff Singh's body, and, when Plaintiff Rumley attempted to visit Plaintiff in the hospital, he noticed that Mr. Sharma was present, and he was exerting undue influence over Plaintiff Singh.  Mr. Sharma later

admitted to Plaintiff Rumley that he physically assaulted Plaintiff Singh, and further admitted that he was previously required to attend anger management courses for spousal abuse.

16.    In approximately November 2016, Plaintiff Rumley reported to Defendant Tollesfson that Plaintiff Singh was the victim of abuse.  Defendant Tollesfson failed to take any reasonable measures to investigate this report, and he failed to take any reasonable measures to ensure a safe workplace environment.

17.    Instead of taking reasonable measures to investigate the conduct, and prevent it from occurring in the workplace, Defendants removed Plaintiff Singh from the workplace in December 2016, placing her on administrative leave pending an investigation.  Plaintiff Rumley objected to placing her on administrative leave, as she had done nothing wrong.

18.    Defendants' investigation concluded that Plaintiff Singh was the victim of physical and mental abuse by Mr. Sharma. The investigation determined that Mr. Sharma had intentionally caused bodily injury to Plaintiff Singh, including engaging the emergency brake in Plaintiff's vehicle.  The investigation further determined that Mr. Sharma caused Plaintiff to fear great bodily injury.

19.    Even though the investigation concluded that Plaintiff Singh was the victim of physical and mental abuse at the hands of a Regents' employee, Defendant Tollesfson informed Plaintiff Rumley that he was going to terminate the employment of Plaintiff Singh, as she was engaging in an inappropriate "dating" relationship with Mr. Sharma, and Plaintiff Singh had apparently used this relationship to suggest "schedule changes" for Mr. Sharma in the workplace.

20.    Plaintiff Rumley strenuously objected to Defendant Tollesfson's intent to terminate the employment of Plaintiff Singh.  Plaintiff Rumley advised Defendants that there was no evidence that Plaintiff Singh was engaged in any dating relationship with Mr. Sharma, and it

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

violated the law for Defendants to retaliate and target the Plaintiff for being a victim of physical and mental abuse in the workplace.

21.     Moreover, during this period of time, when Plaintiff Rumley attended a meeting of the University's violence committee, the abuse towards Plaintiff Singh was openly mocked by the Regents' management, including comments such as Plaintiff Singh must have been "riding him hard" in order to get the bruises on her body.  Plaintiff Rumley reported these comments to Defendants, and he requested that Plaintiff Singh's situation be taken seriously.

22.     On February 28, 2017, Defendants sent a notice of intent to terminate Plaintiff Singh's employment, effective March 8, 2017.  Defendants accused Plaintiff Singh of engaging in a "consensual dating relationship" with Mr. Sharma, and attempting to inappropriately change his work schedule.  Plaintiff Rumley again protested the termination recommendation.

23.     Defendants failed to provide Plaintiff Singh with a fair, neutral, and unbiased pre or post termination hearing.  Instead, Defendants provided Plaintiff with a biased hearing, which relied upon evidence that was never investigated.  Although there was no evidence to support the allegations against Plaintiff Singh, Defendant Tollesfson decided to conduct his own "side" investigation into Plaintiff Singh's complaints and concerns, and he relied upon undisclosed evidence to claim that Plaintiff Singh had a consensual dating relationship with Mr. Sharma.

24.     Plaintiff Rumley appeared at the biased pre-termination hearing, and he testified that there was no basis to terminate Plaintiff Singh's employment, and she was the victim in this situation.  Defendants were furious that Plaintiff Rumley was openly supporting Plaintiff Singh.

25.     Plaintiff Rumley also directly complained to Defendant Tollesfson that Plaintiff Singh was being wrongfully terminated, and he requested that some action be taken.  Defendants Tollesfson then turned on Plaintiff Rumley and began targeting his employment.

26.     In late-March 2017, Defendants terminated the employment of Plaintiff Singh.

27.     Plaintiff Rumley then took a period of family medical leave, and, upon his return to work, Defendants informed Plaintiff that he would be placed on administrative leave for supporting Plaintiff Singh, and Plaintiff was given the choice to either retire, or have his employment terminated for supporting his employee, who was the victim of violence.   In July 2017, Plaintiff Rumley's employment was constructively terminated, as he had no free choice in the process.

28.     Defendants failed to provide Plaintiff Rumley with any procedural due process protections prior to making the decision to terminate his employment.

## FIRST CAUSE OF ACTION

(Violations of California Labor Code § 6310 – Defendant Regents)

29.     Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 28 of this Complaint as fully set forth herein.

30.     California Labor Code § 6310 prohibits an employer from discriminating or retaliating against an employee that lodges a complaint, including a verbal complaint, or participates in any investigation pertaining to health and safety in the workplace.

31.     In acting above, Defendants violated § 6310, in that Defendants took adverse employment actions against Plaintiffs, including but not limited to termination of employment, as a direct result of Plaintiffs internal complaints, concerns, and participation in investigations pertaining to health and safety in the workplace.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

32.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

33.     Defendants' actions have caused and continue to cause Plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

## SECOND CAUSE OF ACTION

(Violations First, Fifth, and Fourteenth Amendment, U.S. Const., 42 U.S.C. § 1983 – Defendant Tollesfson)

34.     Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 33 of this Complaint as fully set forth herein.

35.     In acting above, Defendants violated Plaintiffs' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution, and, acting under color of authority, further violated Plaintiffs' rights under 42 U.S.C. § 1983.  Plaintiffs had a protected property interest in their continued employment, which could not be deprived without an unbiased investigation and pre or post-termination hearing.

36.     In acting above, Defendants provided Plaintiff Singh with a biased pre-termination *Skelly* hearing, and failed to provide Plaintiff Rumley with any hearing prior to making the decision to terminate Plaintiff Rumley's employment.

37.     Moreover, in acting above, Defendants violated Plaintiffs' rights of free speech and to petition the government for redress under the First Amendment to the United States

Constitution.   Plaintiffs made complaints of matters of public concern to Defendants, who retaliated against Plaintiffs in direct violation of their First Amendment rights.

38.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

39.     Defendants' actions have caused and continue to cause Plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

40.     As to individual Defendant Tollesfson and DOES 1 through 10, the acts of these said defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs and to cause Plaintiffs mental anguish, anxiety, and distress.   The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiffs and with the intent to injure Plaintiffs, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiffs to punitive damages against these defendants only.

### THIRD CAUSE OF ACTION

(Violations of the California Constitution – All Defendants)

41.     Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 40 of this Complaint as fully set forth herein.

42.     Article I, §§ 2 and 7, of the California Constitution prohibit any person while acting under color of law to deprive and/or interfere with any other person's constitutional rights of free speech, to petition the government for redress, and due process.

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

43.     In acting above, Defendants violated Article I, §§ 2 and 7 of the California Constitution, with regard to Plaintiffs when they violated Plaintiffs' due process rights, and engaged in a course and conduct of retaliating against Plaintiffs for exercising protected speech and petition activities.

44.     As a direct and proximate result of Defendants' conduct, Plaintiffs are seeking the equitable remedy of reinstatement with back-pay.  Plaintiffs further seek any other relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION

(Violations of California Labor Code Section § 1102.5 – All Defendants)

45.     Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 44 of this Complaint as fully set forth herein.

46.     California Government Code §1102.5, *et. seq.* provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing illegal conduct.

47.     In acting above, Defendants violated Section 1102.5, when they terminated Plaintiffs' employment, and took adverse actions against Plaintiffs.

48.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

49.     Defendants' actions have caused and continue to cause Plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and

other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

50.     As to individual Defendant Tollesfson and DOES 1 through 10, the acts of these said defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs and to cause Plaintiffs mental anguish, anxiety, and distress.   The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiffs and with the intent to injure Plaintiffs, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiffs to punitive damages against these defendants only.

## **FIFTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress – All Defendants)

51.     Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 50 of this Complaint as fully set forth herein

52.     Defendants' conduct, in acting above, was extreme and outrageous, and fell far outside the ordinary compensation bargain, thus causing Plaintiffs severe and pervasive emotional distress.  Defendants' conduct was intentional and/or with reckless disregard for Plaintiffs' heath, safety, and legal rights.

53.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms

54.     Defendants' actions have caused and continue to cause Plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and

other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof

55.   As to individual Defendant Tollesfson and DOES 1 through 10, the acts of these said defendants as alleged herein, were intentional, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs and to cause Plaintiffs mental anguish, anxiety, and distress.  The defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiffs and with the intent to injure Plaintiffs, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiffs to punitive damages against these defendants only.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For punitive damages against individuals in an amount according to proof;

5. For equitable and/or injunctive relief;

6. For statutory penalties, if applicable;

7. For reasonable attorney's fees and cost of suit therein;

8. For such other and further relief as the court may deem proper.

9. Plaintiffs demands a trial by jury.

Dated:  March 7, 2019

BROWN | POORE LLP

By:_____
David Poore Turner
Attorneys for Plaintiffs

-12-

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF

*Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG19010126
Case Title:     Rumley VS Regents of the University of California
Date of Filing: 03/07/2019


TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Evelio Grillo** |
| **Department:** | **15** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6931** |
| **Fax Number:** | |
| **Email Address:** | **Dept.15@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."


IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Evelio Grillo
DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Contacts with Dept. 15 should be by email to Dept. 15@alameda.courts.ca.gov. You must provide copies of all email communications to each party (or their attorneys, if represented) at the same time you send the email to the Court and you must show that you have done so in your email. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. Inclusion of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is required.

Parties/attorneys must confer before scheduling a hearing date. Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org.

Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724).

**Schedule for Department 15**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Unless otherwise advised, both court and jury trials are Mondays through Thursdays at 10:00 am through 4:30 pm; expect to be in the courtroom from 9:00 am to 5:00 pm. Cases may "trail" a trial in progress.

- Case Management Conferences are held:  Mon., Wed., Thurs. and Fri. at 9:15 am and Tues. at 3:00 pm. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing.

- Law and Motion matters are heard:  Law & Motion hearings will be held on Tuesdays at 3:00 p.m. and Fridays at 10:00 a.m.  Email Dept. 15 for reservations. Include case name & number, title of motion and identity of moving party.  Courtesy copies shall be delivered to the department.

- Settlement Conferences are heard:  As scheduled by the Judge. Court resources are limited, and counsel should consider other ADR alternatives. Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  The applicant must contact the clerk for a hearing date and provide CRC 3.1203(a) notice to all parties.  The applicant must appear, in person or by phone if allowed, unless it is a stipulation for an order or otherwise allowed under CRC 3.1207.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept.15@alameda.courts.ca.gov

  The parties should check the tentative rulings on the court's website and notify the courtroom clerk and all other parties of plans to contest by 4:00 pm the day before the hearing.

- Ex Parte Matters
  Email:          Dept15@alameda.courts.ca.gov

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 15
- Phone:  1-866-223-2244

Dated:  03/13/2019

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/14/2019

By _____
                                    Deputy Clerk

BROWN POORE LLP
Attn: Poore, David M.
1350 Treat Boulevard
Suite 420
Walnut Creek, CA  94597____

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Rumley | No. RG19010126 |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Regents of the University of California | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **07/22/2019**<br>Time: **09:15 AM** | Department: **15**<br>   Location: **Administration Building**<br>   **Third Floor**<br>   **1221 Oak Street, Oakland  CA 94612**<br><br>   Internet: **www.alameda.courts.ca.gov** | Judge: **Evelio Grillo**<br>Clerk: **Pamela Drummer-**<br>**Williams**<br>Clerk telephone: **(510) 267-6931**<br>E-mail:<br>**Dept.15@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1. **Plaintiff** must:

   a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b.  **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a.  **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b.  **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c.  **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/14/2019.

By _____
                          Deputy Clerk

# EXHIBIT B

KENNADAY LEAVITT OWENSBY PC
KELLI M. KENNADAY (SBN 155153)
kkennaday@kennadayleavitt.com
ALLISON M. NYE (SBN 298872)
anye@kennadayleavitt.com
621 Capitol Mall, Suite 2500
Sacramento, California  95814
Telephone:      (916) 732-3060

Attorneys for Defendant
REGENTS OF THE UNIVERSITY OF
CALIFORNIA

**ENDORSED
FILED**
ALAMEDA COUNTY

JUL 1 6 2019

CLERK OF THE COURT

BY:
Deputy Clerk

Filed By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM J. RUMLEY, SALESHNI SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF<br>CALIFORNIA; ALLEN TOLLESFSON; and<br>DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. RG19010126<br><br>**DEFENDANT REGENTS OF THE<br>UNIVERSITY OF CALIFORNIA'S<br>ANSWER TO COMPLAINT**<br><br>Complaint Filed: March 7, 2019<br>Trial Date:      None set.<br><br>*Assigned to for all purposes to<br>Hon. Judge Evelio Grillo, Dept. 15*<br><br>***FEES EXEMPT PURSUANT TO GOV. CODE § 6103*** |

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00157624.1

DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO COMPLAINT

Defendant The Regents of the University of California (hereinafter "Defendant") answers, denies, and avers to Plaintiffs' William J. Rumley and Saleshni Singh's unverified Complaint as follows:

## GENERAL DENIAL

In accordance with Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally each and all of the allegations in the Complaint, and each purported cause of action therein alleged, and without limiting the generality of the foregoing, deny that Plaintiffs have been damaged in the manner or amount therein alleged, or in any manner or amount, or at all, by reason of any act or omission by or attributable to Defendant.

## SEPARATE DEFENSES

As and for separate defenses, Defendant alleges as follows:

## FIRST SEPARATE DEFENSE

### (Failure to State a Cause of Action)

The Complaint and each purported cause of action therein fails to state facts sufficient to state a cause of action and/or state a prima facie case for claims against Defendant.

## SECOND SEPARATE DEFENSE

### (Statute of Limitations)

The Complaint, and each cause of action contained therein, is barred by the applicable statutes of limitations, including those set forth in California Code of Civil Procedure sections 335.1, 338, 340 and 342; and California Government Code sections 945.6, 12960 and 12965(b).

## THIRD SEPARATE DEFENSE

### (Failure to Timely Exhaust Administrative Remedies)

The Complaint, and each purported cause of action therein, to the extent it establishes any viable cause of action, is barred to the extent Plaintiffs failed to exhaust administrative remedies pursuant to all applicable laws, or have failed to timely exhaust such remedies.

## FOURTH AFFIRMATIVE DEFENSE

### (Claims Exceed Administrative Complaints)

To the extent the allegations in Plaintiffs' Complaint, and each cause of action contained

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

therein, exceed the claims set forth in Plaintiffs' administrative complaints, Plaintiffs' claims are barred.

### FIFTH SEPARATE DEFENSE

#### (Res Judicata/Estoppel/Waiver)

As a result of the acts and omissions of Plaintiffs, Plaintiffs are estopped from asserting, or have waived the right to assert, any cause of action against Defendant, and/or Plaintiffs' causes of action are barred by the doctrine(s) of res judicata and/or collateral estoppel.

### SIXTH SEPARATE DEFENSE

#### (Laches)

Plaintiffs are barred from any recovery against Defendant by reason of the doctrine of laches and an undue delay in giving notice to Defendant of the matters alleged in the Complaint and in commencing and prosecuting this litigation.

### SEVENTH SEPARATE DEFENSE

#### (Failure to Exhaust Employer's Internal Complaint Procedures)

The Complaint, and each purported cause of action therein, is barred because Plaintiffs failed to exhaust the internal complaint resolution procedure utilized by Defendant that was known and available to Plaintiffs.

### EIGHTH SEPARATE DEFENSE

#### (Avoidable Consequences)

Defendant is informed and believes that some or all of Plaintiffs' alleged damages, if any there were, are barred under the avoidable consequences doctrine.  Plaintiffs failed to notify Defendant of the alleged circumstances giving rise to each claim alleged in the Complaint and thus prevented Defendant from rectifying alleged misconduct, if any there was.

### NINTH SEPARATE DEFENSE

#### (After-Acquired Evidence)

Defendant is informed and believes there is or may be, after discovery, "after-acquired" evidence of reasons why Defendant would have discharged Plaintiffs beyond the reasons that supported the discharges at the time.

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

### TENTH SEPARATE DEFENSE

**(Unclean Hands)**

Defendant is informed and believes that Plaintiffs' claims are barred as a result of Plaintiffs' wrongdoing.

### ELEVENTH SEPARATE DEFENSE

**(Failure to Mitigate)**

Plaintiffs' prayer for damages in the Complaint is barred in whole or in part by the failure of Plaintiffs to mitigate their damages.

### TWELFTH SEPARATE DEFENSE

**(Immunity)**

Plaintiffs' claims and prayer for damages are barred to the extent that Defendant is immune to them due to its status as a public entity.  Defendant is immune to common-law tort claims and punitive damages claims pursuant to the Government Claims Act, Government Code section 810, et seq.

### THIRTEENTH SEPARATE DEFENSE

**(Lawful Business Reason)**

Defendant avers that any actions or decisions taken by Defendant related to Plaintiffs were lawful and taken for a legitimate business reason.

### FOURTEENTH SEPARATE DEFENSE

**(Mixed-Motive Defense)**

Defendant's legitimate reasons, standing alone, would have induced Defendant to make the same decision at the time it made any decision regarding Plaintiffs' employment.  Any unlawful motive was not a substantial motivating factor in any such decision by Defendant.

### FIFTEENTH SEPARATE DEFENSE

**(Additional Separate or Affirmative Defenses)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, separate or affirmative defenses to Plaintiffs' Complaint, and therefore reserves the right to assert additional defenses in the event discovery

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

1    indicates it would be appropriate to do so.

2        **WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:**

3        1.    That Plaintiffs take nothing by this action;

4        2.    That the Court dismiss the Complaint in its entirety with prejudice;

5        3.    That Defendant recover reasonable attorneys' fees and costs herein incurred; and

6        4.    For such other and further relief as the court may deem just and proper.

7    DATED: July 16, 2019                    KENNADAY LEAVITT OWENSBY PC

8

9                                           By: _____

10                                              KELLI M. KENNADAY
                                                Attorneys for Defendant
11                                          REGENTS OF THE UNIVERSITY OF
                                                    CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL, SUITE 2500
SACRAMENTO, CA 95814

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

     At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Sacramento, State of California.  My business address is 621 Capitol Mall, Suite 2500, Sacramento, CA 95814.

     On July 16, 2019, I served true copies of the following document(s) described as **DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

> David P. Turner
> BROWN | POORE LLP
> 1350 Treat Blvd., Suite 420
> Walnut Creek, CA 94597
>
> Email: dpoore@bplegalgroup.com
>
> *Attorneys for Plaintiffs*
> *William J. Rumley; Saleshni Singh*

_X_    MAIL -- I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed herein and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kennaday Leavitt Owensby PC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

___    FACSIMILE -- I personally sent to the addressee's telecopier number indicated below a true copy of the above-described document(s) before 5:00 p.m.  I verified transmission without error by a transmission report issued by the facsimile machine upon which said transmission was made immediately following the transmission.

___    PERSONAL SERVICE -- By causing delivery by hand via reliable messenger service to the interested parties at the address(es) set forth herein.

___    FEDERAL EXPRESS -- By causing delivery by Federal Express of the document(s) listed above to the person(s) at the address(es) set forth herein.

___    ELECTRONIC SERVICE -- By causing delivery of the document(s) referenced above to the addressee(s) e-mail address listed herein.

[X]   (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 16, 2019, at Sacramento, California.

_____
ILEAH MILLER

KENNADAY LEAVITT OWENSBY PC
ATTORNEYS AT LAW
621 CAPITOL MALL | SUITE 2500
SACRAMENTO, CA 95814

00157624.1