UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J RUMLEY, et al.,<br>　　Plaintiffs,<br>　　v.<br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br>　　Defendants. | Case No. 19-cv-04097-PJH<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE AND VACATING HEARING**<br><br>Re: Dkt. No. 8 |

　　Before the court is the parties' joint motion to transfer venue. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 30, 2019 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and the deadline to oppose the motion having passed with none filed, and good cause appearing, the court hereby GRANTS the motion.

　　"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Before a court may transfer venue under 28 U.S.C. § 1404, it must find that: (i) the action is one that might have been brought in the transferee court and (ii) the convenience of the parties and the interest of justice favor the transfer." Thermolife Int'l, LLC v. Vital Pharm., Inc., No. CV142449RSWLAGRX, 2014 WL 12235190, at *2 (C.D. Cal. Aug. 15, 2014). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612,

616 (1964) (internal quotation marks omitted).

While there is no rigid test to determine whether a court should grant a motion to transfer, the statute identifies three factors that should be considered on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. The Ninth Circuit has articulated related considerations that courts "may consider," including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, Case No. 08-cv-1339-CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008).

The parties have filed a joint, or stipulated-to, motion to transfer this action to the District Court of the Eastern District of California. The court finds that the action is one that might have been brought in the transferee court because it raises a federal question based on events that occurred in that district, and defendants reside and/or are located in that district. The court additionally finds that the convenience of the parties and the interest of justice favor transfer because the alleged events giving rise to the litigation occurred in the Eastern District of California, relevant witnesses work and live in that district, and the parties all desire the transfer, which is strong evidence of its convenience for them.

**CONCLUSION**

For the foregoing reasons, the court hereby GRANTS the motion to transfer the action to the United States District Court for the Eastern District of California. The

2

October 30, 2019 hearing is VACATED.

**IT IS SO ORDERED.**

Dated:  October 1, 2019

                                                           /s/ Phyllis J. Hamilton
                                                           PHYLLIS J. HAMILTON
                                                           United States District Judge